UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: THE APPLICATION OF TJAC WATERLOO, LLC, <br><br>    Applicant, <br><br>FOR DISCOVERY IN AID OF FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782, <br><br>    *ex rel.* <br><br>THE MOTION OF THE UNIVERSITY OF NOTRE DAME (USA) IN ENGLAND and AMY COUGLIN, <br><br>    Movants, <br><br>TO VACATE THIS COURT'S ORDER AND QUASH SUBPOENA. | CAUSE NO. 3:16-mc-9-CAN |

**OPINION**

On March 29, 2016, this Court entered an order granting the *ex parte* application of Petitioner, TJAC Waterloo LLC ("TJAC"), for discovery in aid of foreign proceedings pursuant to 28 U.S.C. § 1782. [Doc. No. 2]. In its order, the Court authorized TJAC to issue a Rule 45 subpoena to Amy Coughlin for the production of documents and deposition testimony. Accordingly, TJAC served Coughlin with a Rule 45 subpoena. Before the noticed deposition date, The University of Notre Dame (USA) in England ("UND") and Coughlin filed their Motion to Vacate Discovery Order and Quash Rule 45 Subpoena on April 13, 2016. TJAC filed a brief in opposition to the UND/Coughlin motion on April 19, 2016. The motion became ripe on April 25, 2016, when UND filed its reply brief.

On April 26, 2016, this Court issued an order granting UND's and Coughlin's instant motion and vacating the scheduled motion hearing on the motion. [Doc. No. 26]. The Court's opinion explaining its decision follows.

I. **RELEVANT BACKGROUND**

Through its original *ex parte* application, TJAC asked this Court to order discovery in aid of a private Expert Determination proceeding currently pending in London, England between UND and TJAC, a real estate developer, and ZVI Construction Co., LLC ("ZVI") that relates to a dispute over a construction project. The parties agree that an English private Expert Determination proceeding is akin to arbitration proceedings in the United States.

In 2010, UND entered a contract with TJAC and ZVI to purchase an historic building in London from TJAC after ZVI completed renovations to facilitate use as student housing. A dispute arose when TJAC and ZVI failed to correct a number of defects in the renovations causing UND to expend almost $8.5 million in remediation and repair costs from about late-2013 to the present. Coughlin served as UND's Director of Administrative and Central International Services through February 2013 and was directly involved in managing the TJAC/ZVI construction project until her departure from UND.

In December 2014, UND invoked the dispute resolution procedure set forth in the parties' contract, which required referral to an English Expert empowered to hear and review the claims and issue a final and binding decision. Upon agreement of the parties, the proceeding was divided into separate phases for determinations of liability and damages. On July 21, 2015, the Expert issued "An Expert Determination on Liability," finding TJAC and ZVI liable to UND

on more than 70 issues.[1]  Notably, TJAC had neither sought any documents or testimony from Coughlin nor otherwise raised her as a witness during the liability phase of the proceeding.

With liability established, the parties proceeded to the damages or "quantum" phase based on a timeframe already established.  Accordingly, UND served its opening brief and supporting evidence related to damages on TJAC and ZVI on October 16, 2015.  After an extension, TJAC and ZVI served their submission—which included (1) a 64-page expert witness report; (2) a 45-paragraph witness statement; and (3) a seven-age statement of their legal position on damages without any mention of Coughlin—on UND on March 10, 2016.  On March 22, 2016, TJAC inserted Coughlin into the proceeding for the first time through its *ex parte* application for discovery to this Court.  On March 29, 2016, this Court granted TJAC's *ex parte* application.

Dissatisfied with the discovery order, UND filed the instant motion to vacate and quash on April 13, 2016.  In its filing, UND reported its intention to serve its reply submission in the damages phase on April 13, 2016, which presumably made the damages phase ripe for the three-day hearing scheduled before the Expert in England on May 18, 2016.

## II. ANALYSIS

The threshold issue before the Court on the instant motion is jurisdictional.  28 U.S.C. § 1782(a) provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ."  The English Expert Determination

---

[1] In addition, the United States District Court for the District of Massachusetts invoked the Federal Arbitration Act on April 7, 2016, to confirm the Expert's liability determination and find the determination to be "final and binding."

proceeding at the heart of TJAC's discovery request here must constitute "a foreign or international tribunal" in order for this Court to retain jurisdiction under Section 1782 to issue any discovery order related to the English proceeding. While UND and TJAC have demonstrated that there is conflicting law on the relevant question of whether foreign proceedings before a private arbitral body constitute a Section 1782 tribunal, the law of this Circuit leads this Court to conclude that the English Expert Determination proceeding involved in this matter is not a Section 1782 tribunal.

First, the Seventh Circuit has confirmed that "the applicability of section 1782 to evidence sought for use in a foreign arbitration proceeding is uncertain." *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014) (citing S.I. Strong, *Discovery Under 28 U.S.C. § 1782: Distinguishing International Commercial Arbitration and International Investment Arbitration*, 1 STAN. J. COMPLEX LITIG. 295 (2013)). Second, the Northern District of Illinois held that a private English arbitral tribunal did not fall within the scope of Section 1782 because (1) it was not a state-sponsored arbitral body; and (2) its decisions were only subject to judicial review in very narrow circumstances. *In re Arbitration between Norfolk S. Corp., Norfolk S. Ry. Co., & Gen. Sec. Ins. Co. & Ace Bermuda Ltd.*, 626 F. Supp. 2d 882, 885, 886 (N.D. Ill. 2009) (reaching its conclusion after careful analysis of *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241(2004), the leading Supreme Court case interpreting Section 1782).

*In re Norfolk S. Corp.* is instructive here. First, UND and TJAC agree that their English Expert Determination proceeding is before a private, rather than a state-sponsored, arbitral body. Second, the scope of judicial review of the English Expert's determinations is quite narrow. The

parties agree that judicial review of the Expert's determination is limited to procedural, not substantive, matters such as enforcement of the Expert's decision or consideration of whether the Expert's determination was the result of fraud, collusion, impartiality, or other excessive conduct. With no judicial review of the merits available, this private arbitral proceeding here mirrors the proceeding at issue in *In re Norfolk S. Corp.* Therefore, the English Expert—a private arbitral body—at issue here is not a tribunal within the scope of Section 1782 and this Court lacks jurisdiction to order discovery.

Even if jurisdiction existed, however, TJAC's application for discovery is untimely and irrelevant. Section 1782 "authorizes, but does require, a federal district court to provide judicial assistance to foreign or international tribunals." *Intel*, 542 U.S. at 247. Thus, this Court must use its discretion in determining whether the requested discovery is appropriate. A district court's discretion under Section 1782 is governed by "ordinary tools of discovery management, including Rule 26." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011). Rule 26(b) limits the scope of discovery in any civil proceeding to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Therefore, Section 1782 does not entitle a party in foreign litigation to unbridled discovery.

Here, TJAC engaged in about sixteen months of proceedings before the English Expert without ever asking UND or the Expert for permission to obtain discovery regarding Coughlin. TJAC could have presented testimony and documents from Coughlin in its liability submission or at the oral argument regarding liability. It did not. Similarly, TJAC could have included Coughlin's testimony and documents in its damages submission. It did not. Instead, TJAC filed its *ex parte* application in this Court nine months after the English Expert issued a liability

5

determination, two weeks after TJAC served its damages submission, and one week after the liability determination was confirmed by the District of Massachusetts.

Therefore, TJAC's reliance on this Court to support its delayed request for discovery from Coughlin is misplaced. UND has the right to the finality of the English Expert's liability determination as agreed to in the parties' contract. UND also has the right to timely notice of TJAC's position of damages as provided for in the established timeline for damages submissions to the English Expert. That time passed without TJAC seeking or presenting anything from Coughlin. Additional discovery at this point would be unduly prejudicial to UND and may even suggest an improper purpose for TJAC's *ex parte* application to this Court.

Moreover, TJAC has not convinced the Court that the discovery it seeks from Coughlin is relevant to the damages phase of the English proceeding or is otherwise unobtainable. TJAC argues that Coughlin's involvement with the UND construction project until February 2013 gave her information about the condition of the building's exterior before the purchase that is necessary to determine damages. Yet, others have already presented evidence of the building's condition making any such information from Coughlin unnecessarily duplicative. Moreover, the pre-purchase condition of the site was already considered by the Expert in the liability phase.

TJAC also suggests that Coughlin's alleged knowledge from reviewing and approving the design of the building's interior is relevant to fire and safety defects that were identified about six months after Coughlin separated from UND. Such information goes to the issue of whether a defect existed—a question already decided in the liability phase—rather than the associated costs of repair, which is the remaining issue in the damages phase.

As a result, the Coughlin discovery falls outside the acceptable scope of relevant, non-duplicative information under Rule 26 and Section 1782 even if jurisdiction existed to order any discovery in the English Expert Determination proceeding between UND and TJAC/ZVI.

## III. CONCLUSION

For the reasons discussed above, this Court finds that it lacks jurisdiction under 28 U.S.C. § 1782 to order discovery in the foreign proceeding at issue in TJAC's *ex parte* application for discovery. And even if this Court retained jurisdiction, TJAC's discovery request is untimely and seeks information beyond the appropriate scope of discovery. Therefore, the Court **GRANTS** UND's and Coughlin's motion. [Doc. No. 4]. This Court's order dated March 29, 2016, is **VACATED**. [Doc. No. 2]. The subpoena for documents and deposition testimony issued to Coughlin by Petitioner, TJAC Waterloo LLC, is **QUASHED**.

**SO ORDERED.**

Dated this 27th Day of April, 2016.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge